**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYLER BAYER, | No.   19-16282 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-04487-TSH |
| v. | |
| NEIMAN MARCUS GROUP, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixon, Magistrate Judge, Presiding

Argued and Submitted October 14, 2020
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,[**] District
Judge.

Tayler Bayer appeals the district court's judgment following a bench trial in

favor of Neiman Marcus Group, Inc. on his claim under § 503(b) of the Americans

with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

under 28 U.S.C. § 1291.  Reviewing the district court's conclusions of law and mixed questions of law and fact de novo, *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011), we reverse and remand.

1.  As a preliminary matter, the parties dispute the standard[1] that applies to § 503(b), which provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere" with any individual in the "exercise or enjoyment" of ADA rights.  42 U.S.C. § 12203(b).  Although in *Brown v. City of Tucson*, we appear to treat § 503(b) "interference" differently from § 503(a) "retaliation," we did not resolve the precise legal standard that applied because the employer's conduct in *Brown* clearly violated the plain statutory language.  336 F.3d 1181, 1191-93 (9th Cir. 2003).  We take the same approach here because Bayer presented sufficient evidence to prevail on his § 503(b) claim regardless of which legal standard applies.

2.  After Bayer returned to work from medical leave, Neiman Marcus denied

---

[1] Relying on the plain language of the statute and analogizing to the National Labor Relations Act and the Family and Medical Leave Act, Bayer argues that any conduct that "tends to chill" the exercise of ADA rights violates the statute.  *See Brown v. City of Tucson*, 336 F.3d 1181, 1190-93 (9th Cir. 2003) (exploring the same argument, declining to impose the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and ruling that the employee survived summary judgment on a § 503(b) claim by alleging a "distinct and palpable injury" because § 503(b)'s plain language prohibits an employer from threatening an employee to forgo statutorily protected accommodations).  On the other hand, Neiman Marcus argues that § 503(b) requires a showing of a causal link between the protected conduct and the adverse action.

his request to modify his work schedule to accommodate his ADA-qualifying medical condition. Shortly thereafter, Bayer filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC"), charging Neiman Marcus with an ADA violation for its failure to accommodate his work schedule request. The same day, Neiman Marcus presented Bayer with a mandatory arbitration agreement.[2]

The arbitration materials emphasized, and Neiman Marcus reiterated, that the agreement was not optional: Bayer had to choose between ending his employment by July 14, 2007 or, he was told, being bound by the agreement thereafter. The "choice" presented by Neiman Marcus was a false dilemma. As we held in 2014, Bayer's continued employment did *not* constitute implied consent to arbitrate because he repeatedly refused to sign the agreement-related forms and therefore was not bound by the agreement. *Bayer v. Neiman Marcus Holdings, Inc.*, 582 F. App'x 711, 713-14 (9th Cir. 2014). Nor was the agreement a run-of-the-mill arbitration document that simply channeled disputes to another forum, as Neiman Marcus maintains. The California Court of Appeal has found the agreement unconscionable.[3] Among other troubling terms, the agreement

---

[2] The parties agree that the arbitration agreement, which was sent to all at-will employees, was not a direct response to Bayer's accommodation request.
[3] *Pinela v. Neiman Marcus Group, Inc.*, 238 Cal. App. 4th 227, 250-51 (2015) (detailing "multiple unconscionable aspects" of the agreement under California

3

mandated arbitration for administrative charges already filed and purported to change statutes of limitation. Neiman Marcus also reserved for itself the power to amend, modify, or revoke the agreement terms at any time, with thirty days' notice to the employee.

Bayer reasonably believed that his consent to the agreement would imperil his EEOC charge, and by extension his ability to receive an ADA accommodation. He repeatedly refused to sign the agreement-related forms and filed a second EEOC charge asserting Neiman Marcus interfered with his rights in violation of ADA § 503(b) by pressuring him to choose between his ADA rights and his job. As the district court found, Bayer "felt intense pressure and coercion" in the leadup to the agreement's effective date "and beyond." Bayer testified it was one of the most stressful times of his life, and he had to take antidepressants and a sleep aid. The district court's factual findings are more than sufficient to establish a claim under § 503(b) because, like the employee in *Brown*, Bayer suffered "direct harm" such as "giving up . . . ADA rights, or some other injury which resulted from . . . refusal to give up . . . rights, or from the [interference] itself." 336 F.3d at 1193 (citing *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001)).

---

law); *cf. Peleg v. Neiman Marcus Group, Inc.*, 204 Cal. App. 4th 1425, 1448-50, 1467 (2012) (finding the agreement illusory under Texas law, because among other flaws, the agreement permitted Neiman Marcus to modify its terms unilaterally upon thirty days' notice).

We do not suggest that § 503(b) bars "any [employer] action whatsoever that in any way hinders" employees' ADA rights. *Brown*, 336 F.3d at 1193. But we hold that an employer interferes with ADA rights when it knowingly compels an employee with pending EEOC charges to a false choice to either resign or consent to an unconscionable arbitration agreement, which specifically targets ADA rights. Accordingly, we reverse the judgment of the district court and remand with direction to enter judgment in favor of Bayer.

**REVERSED and REMANDED.**